[No. 1787.]

### Nabe McAfee v. The State.

Practice — Charge of the Court — Alibi. — Failure of the trial court to instruct the jury as to the law controlling the defense of *alibi*, when evidence was adduced tending to support that defense, is not necessarily reversible error, unless, as in this case, the charge, because of such omission, was excepted to at the time it was given. In the latter case this court has no option, and a judgment of conviction must be reversed.

Appeal from the District Court of Navarro. Tried below before the Hon. L. D. Bradley.

The conviction in this case was for the offense of sodomy, perpetrated on the body of a cow, in Navarro county, Texas, on the 10th day of March, 1882. A term of five years in the penitentiary was the punishment assessed against the appellant.

The witness George W. Lee testified positively, for the State, that he and one W. C. Sims, whose present whereabouts were unknown, detected the defendant in the act of copulation with a cow, on or about the 10th day of March, 1882. Defendant had tied the cow's head and hind legs to a tree, and had, unquestionably, effected penetration when the witness came upon him. Witness and Sims viewed the operation from a distance of about ten steps. This witness detailed his own and the man Sims's movements from the time they left the town of Wortham until they separated from other parties at a short distance from the place where they caught the defendant fornicating with the cow; and to this extent he was corroborated by the testimony of the parties from whom he and Sims so separated.

The main defense relied upon was an *alibi,* and the evidence introduced by the defendant tended to support the theory that the defendant could not have been at the place designated at the time the offense was said to have been committed. The other evidence, *pro* and *con.,* disclosed a state of very bitter feeling between the witness Lee and the defendant after the alleged detection of the latter by the former. It showed that they engaged in disputes, carried weapons, and drew their friends into the difficulty.

The motion for new trial assailed the charge of the court with reference to the offense of sodomy, and because it failed to instruct the jury as to the defense of *alibi.* It further denounced the verdict as unsupported by the law or the evidence.

*William Croft,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

Willson, Judge.    There being evidence tending to prove an *alibi,* the court should have charged the jury upon the law relating to that defense.    This the court failed to do, and such omission, having been excepted to by the defendant at the time of the trial, is error for which the judgment must be reversed.    (*Deggs* v. *The State,* 7 Texas Ct. App., 359; *McGrew* v. *The State,* 10 Texas Ct. App., 539; *Long* v. *The State,* 11 Texas Ct. App., 381; *Granger* v. *The State,* Id., 454.)    If this error in the charge had not been excepted to at the time of the trial, it would not have necessarily required a reversal of the judgment.    (*Davis* v. *The State,* 14 Texas Ct. App., 645.)

*Reversed and remanded.*

[Opinion delivered November 15, 1884.]